**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(SOUTHERN DIVISON)**

| | | |
|---|---|---|
| **DIMITAR SPASOVSKI,** | ) | |
| **On Behalf of Himself and** | ) | |
| **All Others Similarly Situated,** | ) | |
| | ) | **Case No.** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **BETHESDA SOFTWORKS, LLC,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

## CLASS ACTION COMPLAINT

Plaintiff, Dimitar Spasovski ("Plaintiff"), by and through his undersigned counsel, brings this Class Action Complaint ("Complaint") on behalf of himself and all others similarly situated against Defendant, Bethesda Softworks, LLC ("Defendant" or "Bethesda").

1.    This action seeks redress for Plaintiff and hundreds of thousands of similarly situated customers who purchased the Power Armor collectors' edition of the *Fallout 76* video game ("Power Armor Package"), created, marketed, advertised, and sold by Bethesda. Bethesda marketed and advertised that the Power Armor Package would include a special steel-encased edition of the *Fallout 76* video game which included several exclusive in-game features and upgrades; a wearable replica of the main character's helmet equipped with a voice modulator, LED headlamp, and sound effects; a full glow-in-the-dark map; twenty-four ("24") collectible figurines; and a canvas bag which purchasers could use to store the helmet.  Purportedly due to the higher cost of manufacturing carrying bags made of sturdy canvas material, Bethesda made a  conscious business decision to, without notice, send purchasers of the Power Armor Package a cheap nylon substitute version of the bag that was materially different than the advertised bag, for which

consumers paid a substantial sum.   By replacing the advertised canvas bag with a cheaper nylon alternative, Bethesda caused Plaintiff and members of the Class (defined below) to pay more for the Power Armor package than they otherwise would have.

## THE PARTIES

2.      Plaintiff is, and has been at all relevant times, a resident and citizen of the State of Illinois, and he pre-ordered the Power Armor Package for *Fallout 76* on or around October 1, 2018.

3.      Defendant is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Rockville, Maryland.  Bethesda is, thus, a citizen of both Delaware and Maryland.   Upon information and belief, Bethesda is a wholly-owned subsidiary of Zenimax Media, a holding company which is, likewise, incorporated under the laws of the State of Delaware with its headquarters in Rockville, Maryland.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy, upon information and belief, exceeds $5,000,000, exclusive of interest and costs, and this is a class action in which certain members of the Class and Defendant are citizens of different states.

5.      This Court has personal jurisdiction over Bethesda because it is authorized to do business in Maryland, conducts significant business in Maryland, and maintains its principal place of business in Maryland.

6.      Venue is proper in the United States District Court for the District of Maryland (Southern Division), pursuant to 28 U.S.C. § 1391, because Bethesda maintains its principal place of business in this judicial district, otherwise engages in substantial business throughout this

district, and many of the acts complained of herein emanated from and/or took place within this district.

## FACTUAL ALLEGATIONS

7.      Bethesda is a video game publishing company established in 1986 and is credited with creating *Gridiron*, one of the first sports games based on real-life physics movements. Presently, Bethesda is best-known among video game consumers as the creator of very popular fantasy-based action role-playing games ("RPG"), which are set on massive open maps and allow players to customize their experience by pursuing various storylines. Specifically, Bethesda has created two separate RPG series, the *Elder Scrolls* series and the *Fallout* series, both of which have featured numerous games over the years.  The several *Elder Scrolls* games take place in a medieval fantasy universe, while the games in the *Fallout* series are set in a post-apocalyptic dystopian wasteland.  Games in both series are extremely popular among gamers, have sold very well, and have earned numerous industry accolades.

8.      At issue in this case is Bethesda's marketing and sale of the newest game in the *Fallout* series, *Fallout 76*.  The events of the game take place in 2102, prior to the events of the other games in the *Fallout* series.  Players navigate a large open world called "Appalachia."  As part of *Fallout 76*, players can chart their own path and customize their experience by deciding to join certain cliques, complete various missions, and essentially, build their own virtual reality.

9.      In connection with the marketing and sale of *Fallout 76*, Bethesda offered the Power Armor Package at issue in this Complaint.  On or about November 14, 2018, Bethesda officially made *Fallout 76* available for play.  However, Bethesda allowed customers to pre-order the Power Armor Package for several months prior to its actual release.  Bethesda made and

continues to make the Power Armor Package available for users on several platforms, including PlayStation 4, Xbox One, and Microsoft Windows (PC).

10.      Bethesda has marketed and sold the Power Armor Package through various brick and mortar and online retailers, including, but not limited to, Amazon, Best Buy, Gamestop, Target, Wal-Mart, and others.  The standard retail price for the Power Armor Package is $199.99. An integral aspect and cost component of the Power Armor Package was the canvas carrying bag.

11.      Indeed, Bethesda's advertising and marketing materials clearly indicated that the Power Armor Package featured a canvas carrying bag:





12.     Despite the fact that Bethesda advertised the Power Armor Package to include a canvas carrying bag, when Plaintiff and Class members purchased the Power Armor Package, they did not receive the canvas bag promised, but instead received a flimsy nylon bag, as shown below:



13.     Bethesda's marketing and advertisement of the Power Armor Package (depicting a canvas carrying bag and expressly stating that the carrying bag was canvas) deceived Plaintiff and

the other members of the Class and induced them into purchasing a product they otherwise would

not have.  Bethesda did not provide any notice to Plaintiff and similarly situated purchasers that

the Power Armor Package would instead include a substitute nylon bag.

      14.     Bethesda has admitted publicly that there is a substantial cost difference between

the canvas carrying bags promised and the nylon carrying bags received, by noting, upon receiving

myriad complaints from consumers, that the canvas carrying bag proved too expensive to

manufacture.  This admission, itself, demonstrates that Plaintiff and other Class members have

been damaged by Bethesda's misrepresentations:



      15.     Plaintiff, an avid gamer, pre-ordered the Power Armor Package on or about October

1, 2018 from the online retailer, Amazon.com.  Prior to making the $199.99 purchase (exclusive

of taxes), he viewed Bethesda's advertising regarding the various items that were to be included in the Power Armor Package.  In viewing those representations, Plaintiff understood that one of the items to be included in the Power Armor Package was the canvas carrying bag.  The inclusion of the canvas carrying bag was material to Plaintiff and he relied on that representation in connection with purchasing the Power Armor Package.  Upon receipt of the Power Armor Package with a cheap nylon carrying bag, Plaintiff immediately understood that he had not received the value of the Power Armor Package which was represented and which he purchased.

16.     Plaintiff's experience is similar to that of other consumers who purchased the Power Armor Package.  The internet contains numerous complaints from purchasers who, like Plaintiff, expected the Power Armor Package to include the advertised canvas carrying bag.  The following is a sample of complaints from purchasers who bought the Power Armor Package through Amazon.com:

> False Advertising
> 1. You do not get a canvas bag.
> 2. The helmet smells of chemicals. You would probably pass out from wearing it too long.
> 3. They didnt even bother covering up the circuit board in my helmet.
> 4. The game is a atrocious. Bugs are everywhere.
> If you bought this as a christmas gift for someone, do them a favor and return it so they dont have to go through the hassle. If you need a reason, state the advertised CANVAS bag was switched to a NYLON bag without notification or product update.
>
> Posted by Matt, a purchaser, on November 28, 2018 on https://www.amazon.com/gp/customer-reviews/R1865H23TE63C0/ref=cm_cr_othr_d_rvw_ttl?ie=UTF8&ASIN=B07DN58MX2 (last visited Dec. 18, 2018).
>
> NOT a canvas bag!
> Cool set. But false advertisement. The bag is NOT canvas. It's made of such a cheap material I'm afraid to use it for anything.
>
> Posted by an anonymous purchaser, on November 14, 2018 on https://www.amazon.com/gp/customer-reviews/R11S7DO5U47VTF/ref=cm_cr_othr_d_rvw_ttl?ie=UTF8&ASIN=B07DN58MX2 (last visited Dec. 18, 2018).

<u>Good game – West Tek bag is not canvas</u>
Good Collector's edition, I like the helmet, map, steelbook, and army men. However, the West Tek bag was something I really looked forward to. It's advertised as canvas, but it is definitely not. It's a very wrinkly tent material.

Posted by Thomas Bates, a purchaser, on November 14, 2018on
<u>https://www.amazon.com/gp/customer-reviews/R1WVW7KOI7FZDK/ref=cm_cr_arp_d_rvw_ttl?ie=UTF8&ASIN=B07DN58MX2</u> (last visited Dec. 18, 2018).

<u>False advertising</u>
The picture clearly shows and describes a *canvas* bag of good quality. Unfortunately, what is included is a cheap nylon bag that feels about as strong as the cheap dollar store rain ponchos. This bag will never protect your power armor helmet, which definitely needs protecting since it's made of as cheap of plastic as possible too . . . .

Posted by Lightmaster, a purchaser, on November 29, 2018on
<u>https://www.amazon.com/gp/customer-reviews/R28P4ITPE7Q87S/ref=cm_cr_othr_d_rvw_ttl?ie=UTF8&ASIN=B07DNBWR87</u> (last visited Dec. 18, 2018).

<u>Falsely Advertised Canvas Bag; Delivered Nylon Instead</u>
Bethesda advertised a canvas bag being included. Turns out the bag is just made from nylon. False advertisement. The helmet is quite basic and feels cheap when holding, pretty sure a drop from your lap would result in broken parts. The bag of figurines are very very cheap and feel like a pile of useless plastic. Only good things in this are the Steel Book Case for the game and the game itself (even though that has its own problems).

Posted by Edwin, a purchaser, on November 28, 2018 on
<u>https://www.amazon.com/gp/customer-reviews/R1YS79B0KSQIKG/ref=cm_cr_othr_d_rvw_ttl?ie=UTF8&ASIN=B07DNBWR87</u> (last visited Dec. 18, 2018).

<u>Not what I saw in original order</u>
Garbage, collector and came with cheap vinyl bag instead of the canvas.

Posted by Scott Richardson, a purchaser, on December 6, 2018 on
<u>https://www.amazon.com/Fallout-76-Power-Armor-Xbox-One/product-reviews/B07DNBWR87/ref=cm_cr_arp_d_paging_btm_2?ie=UTF8&filterByKeyword=canvas+bag&pageNumber=2</u> (last visited Dec. 18, 2018).

<u>I want to rate it higher</u>
Like the title says I really don't want to give it one star but the product description says canvas bag, not nylon bag and I don't like the Bait n Switch of it all . . . .

Posted by Michael Flaherty, on November 27, 2018, on
https://www.amazon.com/gp/customer-
reviews/R3MIBGY1O7VL8/ref=cm_cr_arp_d_rvw_ttl?ie=UTF8&ASIN=B07DNBWR8
7 (last visited Dec. 18, 2018).

17.     As a result of Bethesda's conduct, Plaintiff and members of the Class have been
damaged and demand that they receive the complete benefit of their purchase.  Moreover, the
Power Armor Package is still widely being advertised as including a canvas bag.

18.     Plaintiff continues to desire to purchase and use the Power Armor Package and
additional products from Bethesda.  Plaintiff's desire is based on his continued interests in
Bethesda's RPG Series.  Plaintiff is continually presented with Bethesda's representations but has
no way of determining whether the representations about the Power Armor Package or any
products are in fact true.

19.     Defendant, despite having knowledge that its representations are misleading to
Plaintiff and the class, continues to market and advertise the Power Armor Package in a deceptive
manner.  Plaintiff and the class are at risk of suffering further injury if the relief sought is not
granted.

## **Maryland Contacts**

20.     Defendant maintains its headquarters in Maryland, located at 1370 Piccard Drive,
Rockville, Maryland 20850.

21.     Defendant does substantial business in Maryland, with a significant portion of the
proposed nationwide class located in Maryland.

22.     Maryland is the epicenter of Defendant's operations, including creative
development, production, sales and service offices, and financial service offices, among others.

23.     In addition, the conduct that forms the basis for each and every Class member's claims against Defendant emanated from Defendant's headquarters in Maryland and is consistent with directives of Defendant's personnel in Maryland.

24.     Defendant's marketing and advertising personnel are located at its Maryland headquarters, and the advertising and marketing schemes detailing the contents of the Power Armor Package were made and implemented from there.

25.     Defendant's Maryland personnel implemented its deceptive advertising scheme and made the conscious business decision to save money and include a cheap nylon carrying bag instead of the promised canvas bag, thereby preventing Plaintiff and Class members from receiving the full benefit of their bargain.

26.     Defendant has significant contacts with the State of Maryland, such that nationwide application of Maryland law is appropriate.  Further, the conduct at issue herein emanated from Maryland such that application of Maryland law nationwide is appropriate.

27.     As a result of Defendant's conduct, Plaintiff and members of the Class have suffered injury in fact and have otherwise suffered damages and been harmed and will continue to be harmed in the future unless Defendant is held accountable through this litigation.

28.     Plaintiff seeks actual damages, disgorgement of profits, statutory damages, attorneys' fees, costs, and all other relief available to the class, as defined herein.

## CLASS ACTION ALLEGATIONS

29.     The experiences of Plaintiff are similar to those of the other consumers who purchased the Power Armor Package expecting to receive a canvas bag, not a cheap nylon substitute.

30.     Plaintiff requests the Court certify this lawsuit as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

31.     In the first instance, Plaintiff seeks certification of a nationwide Class under Maryland law, including certification of claims for violations of the Maryland Consumer Protection Act ("Maryland CPA") (First Cause of Action), breach of contract (Second Cause of Action) and unjust enrichment (Third Cause of Action).   Thus, Plaintiff seeks to certify the following nationwide Class pursuant to Rule 23:

> All purchasers of Bethesda's *Fallout 76* Power Armor Package who received a nylon carrying bag instead of the advertised canvas carrying bag (the "Class").

32.     In the alternative, should the Court decide not to certify a nationwide class under Maryland law, Plaintiff seeks certification of an Illinois Sub-Class, including certification of claims for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Illinois CFA") (Fourth Cause of Action), violations of the Illinois Uniform Deceptive Trade Practices Act ("Illinois UDTPA") (Fifth Cause of Action), and breach of express warranty (Sixth Cause of Action).   Thus, in the alternative, Plaintiff seeks to certify the following Illinois Sub-Class pursuant to Rule 23:

> All purchasers of Bethesda's *Fallout 76* Power Armor Package in Illinois who received a nylon carrying bag instead of the advertised canvas carrying bag ("Illinois Sub-Class").

33.     This action is brought and may be properly maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

34.     **Numerosity/Impracticability of Joinder**: The members of the Class number in at least the tens of thousands.  As a result, the Class is so numerous that joinder of all members in a single action is impracticable.  The members of the Class should be readily identifiable from the

business records of Bethesda.  The disposition of these claims will provide substantial benefits to the Class.

35.    **Commonality and Predominance**: There is a well-defined community of interest and common questions of law and fact which predominate over any questions affecting only individual members of the Class.  These common legal and factual questions, which will generate common answers which are apt to drive the resolution of the litigation, do not vary between members of the Class.  These common questions may be determined without reference to individual circumstances and will provide common answers.  The following represents a non-exhaustive list of common questions:

   a.  whether Bethesda's marketing, advertising, and promotion of the Power Armor Package was false and misleading;

   b.  whether Bethesda concealed facts from Plaintiff and members of the Class about the contents of the Power Armor Package;

   c.  whether Bethesda knew, or should have known, that its representations were false, or that its representations omitted material information;

   d.  whether Bethesda's conduct was a violation of the Maryland CPA;

   e.  whether Bethesda's conduct was a violation of the Illinois CFA;

   f.  whether Bethesda's conduct was a violation of the Illinois UDTPA;

   g.  whether Bethesda has breached its contracts with the Class;

   h.  whether Bethesda's conduct was a breach of express warranty pursuant to Illinois law, as alleged herein;

   i.  whether Bethesda has been unjustly enriched by its conduct, as alleged herein;

   j.  whether Bethesda's conduct as alleged herein violates public policy; and

   k.  whether Plaintiff and the members of the Class are entitled to damages, restitution, equitable relief and/or other damages and other relief, and, if so, the amount and nature of such relief.

36.   **Typicality and Adequacy**: Plaintiff's claims are typical of the claims of the proposed Class, and Plaintiff will fairly and adequately represent and protect the interests of the proposed Class.  Plaintiff does not have any interests antagonistic to those of the Class.  Plaintiff's counsel are experienced in the prosecution of this type of litigation.  The questions of law and fact common to the members of the Class, some of which are set out above, predominate over any questions affecting only individual members of the Class.

37.   **Superiority and Manageability**: A class action is superior to all other available methods of adjudication of this lawsuit.  Because individual litigation of the claims of Class members is economically infeasible and judicially impracticable, the class action device is the only way to facilitate adjudication of Plaintiff's and the Class' claims.  Although the aggregate damages sustained by the Class is in the millions of dollars, the individual damages incurred by each member resulting from Bethesda's wrongful conduct is not significant enough for experienced counsel to handle on an individual basis.  Even assuming individual Class members could afford it, the likelihood of individual claims being pursued by the Class members is remote.  Even then, the burden on the judicial system would be unjustifiable in light of the class action device. Individual members of the Class do not have significant interest in individually controlling the prosecution of separate actions and individualized litigation could result in varying, inconsistent or contradictory judgments.  Plaintiff knows of no reason that this litigation should not proceed as a class action.

**FIRST CAUSE OF ACTION**
**Violation of Maryland Consumer Protection Act ("Maryland CPA") –**
**Md. Code Com. Ann. Law § 13-101, *et seq*.**
**On Behalf of the Nationwide Class**

38.     Plaintiff realleges and incorporates the preceding allegations by reference as if set forth fully herein.

39.     This cause of action is brought pursuant to the Maryland CPA, Md. Code Ann. Com. Law § 13-101, *et seq*.

40.     Plaintiff, Class members, and Defendant are "person[s]" as defined in Md. Code Ann. Com. Law § 13-101(h).

41.     Defendant violated and continues to violate the Maryland CPA by engaging in the following deceptive practices prohibited by the Md. Code Ann. Com. Law § 13-301 in connection with the sale of consumer goods intended to result in, and that did result in, the sale of the Power Armor Package to Plaintiff and members of the Class in violation of, *inter alia*, the following provisions:

> a. Representing that goods are of a particular standard, quality, grade, style, or model, which they are not (Md. Code Ann. Com. Law § 13-301(2)(iv));
> b. Failing to state a material fact if the failure deceives or tends to deceive (Md. Code Ann. Com. Law § 13-301(3));
> c. Advertising and offering goods without intent to sell them as advertised or offered (Md. Code Ann. Com. Law § 13-301(5)(i)); and
> d. Employing deception, fraud, false pretense, misrepresentation, and knowing concealment, suppression, and omission of material fact with the intent that a consumer rely on the same in connection with the promotion and sale of consumer goods (Md. Code Ann. Com. Law § 13-301(9)(i)).

42.     Plaintiff and other Class members, in purchasing the Power Armor Package, did reasonably act in response to Bethesda's above representations and marketing and/or would have considered the omitted facts set forth herein material to their purchasing decision.  Plaintiff and the Class have suffered concrete identifiable loss due to their reliance on Bethesda's misrepresentations about the canvas bag that was supposed to be included in the Power Armor Package.

43.     The representations regarding the inclusion of the canvas bag in the Power Armor

Package were material to Plaintiff and Class members.  Bethesda intended that Plaintiff and Class

members would rely on its representations and they did, in fact, rely on these representations.  As

a direct and proximate result of Bethesda's unfair and deceptive practices and acts, Plaintiff and

the Class have suffered actual damages.   Had the Plaintiff and Class been aware of the

misrepresentations and omissions, they would not have purchased the Power Armor Package or

would have paid substantially less for it.

44.     Pursuant to Md. Code, Com. Law § 13-408, Plaintiff, on behalf of himself and Class

members, seeks actual damages, attorneys' fees, and any other just and proper relief available that

this Court deems appropriate under the Maryland CPA.

## SECOND CAUSE OF ACTION
### Breach of Contract pursuant to Maryland Law
### On Behalf of the Nationwide Class

45.     Plaintiff realleges and incorporates the preceding allegations by reference as if set

forth fully herein.

46.     Plaintiff brings this cause of action on behalf of the nationwide Class under

Maryland common law.  Bethesda has systematically refused to maintain its obligations and has

prevented Plaintiff and Class members from receiving the benefit of their bargain.

47.     Plaintiff and each member of the Class contracted with Bethesda to receive the

Power Armor Package equipped with a canvas bag in exchange for a substantial sum of money.

Implied in each and every contract was a covenant of good faith and fair dealing.

48.     As part of the contract, Bethesda promised, *inter alia*, that, in connection with

providing the Power Armor Package, it would include a canvas carrying bag as represented in its

advertising materials.  Rather than meet its obligation to provide Plaintiff and Class members with

the canvas bag, Bethesda has instead, knowingly and intentionally, chosen to save money, provided purchasers with a cheap nylon alternative, and indicated that it has no interest in refunding Plaintiff and Class members.

49.     Plaintiff and other Class members, in purchasing the Power Armor Package, did reasonably act in response to Bethesda's above representations and/or marketing materials and would have considered the omitted facts set forth herein material to their purchasing decision.

50.     Plaintiff and each member of the Class provided significant value to Bethesda in exchange for the Power Armor Package with a canvas carrying bag, as represented.

51.     Plaintiff and each member of the Class complied with their obligations under the contract and paid the full price, as offered by Bethesda, in exchange for the Power Armor Package.

52.     The breach of contract on the part of Bethesda has resulted in Plaintiff and similarly situated customers purchasing the Power Armor Package with the substitute nylon bag, when they otherwise would not have.

53.     Despite its knowing and intentional breach of its obligations, Bethesda has retained the money paid by Plaintiff and similarly situated Class members, and has further indicated that it has no plans of providing a refund or otherwise making Plaintiff and the Class members whole.

54.     Bethesda has breached its contractual obligations to Plaintiff and members of the Class by creating a scheme whereby it has failed to honor the covenant of good faith and fair dealing implied in every contract.  Bethesda has engaged in unreasonable conduct that was entirely inconsistent with the reasonable expectations of Plaintiff and each member of the Class. Bethesda's breach has caused damage to Plaintiff and each member of the Class.

**<u>THIRD CAUSE OF ACTION</u>**
**Maryland Common Law Unjust Enrichment**

**On Behalf of the Nationwide Class**

55.     Plaintiff realleges and incorporates the preceding allegations in Paragraphs 1-36, by reference as if set forth fully herein.

56.     Plaintiff brings this cause of action on behalf of the nationwide Class under Maryland common law.  Bethesda has engaged in unjust conduct, to the detriment of Plaintiff and each member of the Class.

57.     Plaintiff and each member of the Class provided significant value to Bethesda by purchasing the Power Armor Package of *Fallout 76*.

58.     Bethesda appreciated or had knowledge of the benefit received by retaining the money paid by Plaintiff and each member of the Class.

59.     Although Bethesda accepted purchasers' payments and retained and received the benefit therefrom, it did not provide customers the product that was promised in connection with the payments.  On the contrary, Bethesda deliberately overcharged Plaintiff and similarly situated purchasers to increase its own profit margin even though Bethesda had no intention of providing the promised canvas carrying bag.  Bethesda intentionally and knowingly advertised the Power Armor Package to contain a canvas bag, but instead, purposefully provided purchasers of the Power Armor Package with an alternative nylon alternative bag.

60.     This unjust conduct on the part of Bethesda has resulted in Plaintiff and Class members paying significantly more for the Power Armor Package than they otherwise would have had they known it contained a flimsy nylon substitute bag.

61.     Despite its inequitable conduct, Bethesda has retained the payments made by purchasers of the Power Armor Package, and it has not taken any steps to refund or otherwise make whole Plaintiff and Class members.

62.     As a result, Bethesda has been unjustly enriched, to the detriment of Plaintiff and the members of the Class.

### FOURTH CAUSE OF ACTION
**Violation of Illinois Consumer Fraud and Deceptive Business Practices Act ("Illinois CFA"), 815 Ill. Comp. Stat. 505/1., *et seq.***
**In the Alternative, On Behalf of the Illinois Sub-Class**

63.     Plaintiff realleges and incorporates the preceding allegations by reference as if set forth fully herein.

64.     This claim is brought by Plaintiff pursuant to the Illinois CFA, 815 Ill. Comp. Stat. 505/1, *et seq.*

65.     Plaintiff, Illinois Sub-Class members, and Defendant are "person[s]" as defined in 815 Ill. Comp. Stat. 505/1(c).

66.     Plaintiff and members of the Illinois Sub-Class are "consumer[s]" as defined in 815 Ill. Comp. Stat. 505/1(e).

67.     Defendant's illicit conduct constitutes "trade" or "commerce" as defined in 815 Ill. Comp. Stat. 505/1(f).

68.     The Illinois CFA makes it unlawful to employ:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deceptive fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of such material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act," approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damage thereby.
>
> 815 Ill. Comp. Stat. 505/2.

69.     As detailed in this Complaint, Bethesda, in the course of trade or commerce, misrepresented that the Power Armor Package would come with a canvas bag, when, in fact, it included a cheap nylon substitute bag.  This is in direct contravention to the marketing and advertising materials indicating and illustrating that the Power Armor Package would include a carrying bag made of sturdy canvas material.

70.     Bethesda violated Section 505/2 of the Illinois CFA by misrepresenting the contents of the Power Armor Package.  Bethesda made the misrepresentations described in this Complaint with the intent that Plaintiff and the Illinois Sub-Class rely on them and purchase the Power Armor Package.  Bethesda's misrepresentations about the inclusion of the canvas carrying bag were extremely deceptive and caused Plaintiff and Illinois Sub-Class members direct financial harm by inducing them to make a purchase they otherwise would not have.

71.     Bethesda's deceptive advertising was the proximate cause of the financial damage incurred by Plaintiff and each member of the Illinois Sub-Class.

72.     Plaintiff, on behalf of himself and members of the Illinois Sub-Class, seeks monetary damages and reasonable attorneys' fees and costs pursuant to 815 Ill. Comp. Stat. 505/10a due to Defendant's violations of the statute.  Pursuant to this provision of the Illinois CFA, Plaintiff also seeks punitive damages because Defendant acted with fraudulent intentions and/or was grossly negligent in its completely deceptive representations.

### FIFTH CAUSE OF ACTION
**Violation of the Illinois Uniform Deceptive Trade Practices Act ("Illinois UDTPA")**
**815 Ill. Comp. Stat. 510/1, *et seq.***
**In the Alternative, On Behalf of the Illinois Sub-Class**

73.     Plaintiff realleges and incorporates the preceding allegations by reference as if set forth fully herein.

74.     This claim is brought by Plaintiff pursuant to the Illinois UDTPA, 815 Ill. Comp. Stat. 510/1, *et seq.*

75.     Plaintiff, Illinois Sub-Class members, and Defendant are all "person[s]" as defined in Ill. Comp. Stat. 510/1(5).

76.     The Illinois UDTPA makes it unlawful to:

> e.  "[R]epresent[] that goods or services are of a particular standard, quality, or grade or that goods are of a particular style or model if they are of another," 815 Ill. Comp. Stat. 510/2(a)(7);
> f.  "[A]dvertise[] goods or services with intent not to sell them as advertised," 815 Ill. Comp. Stat. 510/2(a)(9); and
> g.  "[E]ngage[] in any other conduct which similarly creates a likelihood of confusion or misunderstanding," 815 Ill. Comp. Stat. 510/2(a)(12).

77.     A plaintiff, "[i]n order to prevail in an action under this Act . . . need not prove competition between the parties or actual confusion or misunderstanding."  815 Ill. Comp. Stat. 510/2(b).

78.     As detailed in this Complaint, Bethesda misrepresented that the Power Armor Package would come with a canvas bag, when, in fact, it instead included a cheap nylon bag.  This is in direct contravention to the marketing and advertising materials indicating and illustrating that the Power Armor Package would include a carrying bag made of canvas material.

79.     Bethesda violated Section 510/2 of the Illinois UDTPA by misrepresenting the contents of the Power Armor Package.  Bethesda's misrepresentations, as described and illustrated in this Complaint, created a likelihood of confusion on the part of consumers regarding the actual contents of the Power Armor Package.  Defendant's marketing and advertising materials indicated that the Power Armor Package contained a canvas bag with the other special edition materials, but it instead contained a nylon bag, which was much cheaper to manufacture.

80.     Plaintiff and the Illinois Sub-Class were damaged by Bethesda's violation and their subsequent purchase of the Power Armor Package.  Plaintiff and the members of the Illinois Sub-Class would not have purchased the Power Armor Package, or would not have paid the price they did, if the actual contents of the Power Armor Package had been known.

81.     Plaintiff, on behalf of himself and Illinois Sub-Class members, seeks damages and injunctive relief under the Illinois UDTPB and because Defendant willfully engaged in deceptive trade practices, Plaintiff seeks costs and attorneys' fees.

**SIXTH CAUSE OF ACTION**
**Breach of Express Warranty**
**In the Alternative, On Behalf of the Illinois Sub-Class**

82.     Plaintiff realleges and incorporates the preceding allegations by reference as if set forth fully herein.

83.     As an express warrantor, manufacturer, and merchant, Bethesda had certain obligations pursuant to its warranty that the Power Armor Package included a canvas bag.

84.     In its advertising and sales material, Bethesda made a definite and positive assertion that the Power Armor Package contained a carrying bag made with a canvas material in order to induce Plaintiff and members of the Illinois Sub-Class to purchase the Power Armor Package. However, Bethesda has sold and continues to sell the Power Armor Package with knowledge that it does not contain a canvas bag but, instead, a lower-quality nylon bag.

85.     Bethesda's warranty was such that Plaintiff and Illinois Sub-Class members would rely on it.  Moreover, because Bethesda explicitly writes and illustrates that the Power Armor Package contains a canvas carrying bag, any reasonably prudent person would rely on this advertisement as a legitimate reflection of what the person is purchasing, and Plaintiff and members of the Illinois Sub-Class did, in fact, rely on Bethesda's representations.

86.     Accordingly, Plaintiff and Illinois Sub-Class members have suffered damages caused by Defendant's breach of the warranty and are entitled to recover damages as set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and members of the proposed Class and Illinois Sub-Class, prays for judgment as follows:

a)     Certification of the Class under Federal Rule of Civil Procedure 23 and appointment of Plaintiff as representative of the Class and his counsel as Class counsel;

b)     Compensatory and other damages for economic and non-economic damages;

c)     Awarding restitution and disgorgement of Defendant's revenues or profits to Plaintiff and the members of the proposed Class;

d)     An Order requiring Defendant to cease and desist from engaging in the alleged wrongful conduct and to engage in a corrective advertising campaign;

e)     Statutory pre-judgment and post-judgment interest on any amounts;

f)     Payment of reasonable attorneys' fees and recoverable litigation expenses as may be allowable under applicable law; and

g)     Such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action so triable.

Dated: December 21, 2018                    Respectfully Submitted,

                                            JOSEPH, GREENWALD & LAAKE, P.A.

                                            */s/ Timothy F. Maloney*
                                            Timothy F. Maloney (Fed. Bar ID #03381)
                                            Alyse L. Prawde (Fed. Bar ID #14676)
                                            6404 Ivy Lane Suite 400
                                            Greenbelt, MD 20770
                                            Phone: (301) 220-2200
                                            Fax: (240) 553-1737
                                            tmaloney@jgllaw.com
                                            aprawde@jgllaw.com


                                            SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
                                            James C. Shah*
                                            Nathan C. Zipperian*
                                            Michael P. Ols*
                                            35 East State Street
                                            Media, PA 19063
                                            Phone: (610) 891-9880
                                            Fax: (866) 300-7367
                                            jshah@sfmslaw.com
                                            nzipperian@sfmslaw.com
                                            mols@sfmslaw.com

                                            *Admission Pro Hac Vice Anticipated*

                                            *Counsel for Plaintiff Dimitar Spasovski
                                            and the Proposed Class*